**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Don Vry,

Plaintiff,

vs.

Martin Marietta Materials, Inc.,

Defendant.

**Civil No. 01-2139 (PAM/SRN)**

**STIPULATION AND ORDER FOR CONFIDENTIALITY**

---

**STIPULATION**

It is hereby stipulated by the parties as follows:

1. Any party may designate as confidential any documents or other information that that party hereafter produces in discovery in this action that that party reasonably believes constitutes confidential information or proprietary information. Such information so designated is referred to as "Confidential Information" in this Stipulation and Confidentiality Order.

2. The information and documents that a party wishes to designate as confidential shall be designated by:

(a) imprinting in a manner that does not impair legibility the word "confidential" on the first page or cover page of a document being produced;

MAY 14 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(b) imprinting the word "confidential" next to or above an answer to an interrogatory, response to document request, or other discovery response;

(c) advising the court reporter that certain deposition testimony is confidential and is to be separately transcribed and marked accordingly;

(d) advising the other party in writing within 10 days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are confidential; or

(e) specifically identifying the information or documents in a writing delivered to opposing counsel.

3. Pending designation pursuant to Section 2(d) above, but not for longer than the 10-day period, the entire transcript of a deposition shall be treated as confidential.

4. If the receiving party believes that any document designated as confidential does not contain confidential information it may, at any time, contest the applicability of this Stipulation and Confidentiality Order to such material by notifying the attorneys for the producing party in writing and identifying the documents or other materials contested. In addition, the receiving party shall schedule a discovery conference with the producing party to determine whether the dispute regarding the propriety of the confidentiality designation can be resolved. In the event no resolution is obtained, then the receiving party may, within 10 business days following the completion of the discovery conference, notice a motion for an order providing that the contested document or other material is not subject to this Stipulation

and Confidentiality Order or modifying this Stipulation and Confidentiality Order as to that document or other material. Documents that are subject to a dispute as to whether they are in fact confidential documents shall, until further order of the court, be treated as Confidential Information in accordance with the provisions of this Stipulation and Confidentiality Order.

5. Confidential Information shall not be given, shown, made available, or communicated in any way by the party to whom it is produced in discovery to anyone other than:

(a) Counsel of record for the parties and attorneys, clerks, legal assistants, and support staff in their firms;

(b) Don Vry;

(c) Martin Marietta Materials, Inc., managerial or executive employees, and employees who monitor litigation or make settlement decisions;

(d) The Court and its staff;

(e) Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions, but witnesses who are not within the scope of any other provision of this Section 4 may not be permitted to retain copies of Confidential Information shown to them in the deposition;

(g) Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties pursuant to Section 10 below;

(h) Such other persons as the Court may specifically approve after notice and hearing; and

(i) Such other persons as the parties may agree in writing.

6. Before making disclosure of Confidential Information to outside consultants and experts retained to assist in preparation for trial or settlement, counsel shall obtain from these individuals an agreement in writing (in the form attached as Exhibit A) to be bound by this Stipulation and Confidentiality Order. These agreements need not be disclosed to opposing counsel unless ordered by the Court in response to a good faith allegation that the provisions of this Stipulation and Confidentiality Order have been breached.

7. The people to whom Section 5 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than the trial, preparation for trial, and settlement of this action.

8. There shall be no reproduction of Confidential Information except that, as required in the course of the litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by Section 5 to receive the Confidential Information.

9. Confidential Information to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a confidentiality order and shall be available for inspection only by the Court and by

those persons authorized by this Stipulation and Confidentiality Order to receive Confidential Information.

10. The parties shall attempt to agree before trial on how the Confidential Information shall be handled during trial. If the parties cannot reach agreement, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

11. Within 30 days after the final resolution of this action, the parties shall destroy or return to the producing party all Confidential Information and all copies of Confidential Information that they possess or that they have provided to people authorized by Section 5(e) above. However, attorneys of record may retain one archival copy of Confidential Information and memoranda, briefs, correspondence, affidavits, and court filings containing Confidential Information, all of which shall remain subject to this Stipulation and Confidentiality Order. Confidential Information kept by attorneys of record shall be stored or destroyed in accordance with the practice for handling client files at the respective law firms.

12. This Stipulation and Confidentiality Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

13. Nothing in this Stipulation and Confidentiality Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from

questioning, to the extent permitted by the Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

Dated: May 9, 2002

JUDITH K. SCHERMER PLLC

Judith K. Schermer

Judith K. Schermer PLLC
950 Lumber Exchange Building
10 Fifth Street South
Minneapolis, MN 55402
Phone: (612) 843-5400
Fax: (612) 843-5406

Attorneys for plaintiff Don Vry

Dated: May 10, 2002

FAEGRE & BENSON LLP

Mary E. Stumo, #122440
Holly M. Robbins, #260381
Angela M. Crandall #0285055

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000
Fax: (612) 766-1600

Attorneys for defendant Martin Marietta Materials, Inc.

**ORDER**

IT IS SO ORDERED:

Dated: May 14, 2002

BY THE COURT

Susan Richard Nelson

Susan Richard Nelson, Magistrate Judge

M1:848163.01

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I have read the Stipulation and Confidentiality Order applicable to Don Vry v. Martin Marietta Materials, Inc., and I agree to comply with its terms.

Dated: _______________

_______________________________________

M1:848163.01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01